**WEILAND GOLDEN LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Reem J. Bello, State Bar No. 198840
rbello@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone:  (714) 966-1000
Facsimile:  (714) 966-1002

Attorneys for Chapter 7 Trustee,
Weneta M.A. Kosmala

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ANTHONY J. BECKLER AND TERI R. BECKLER,<br><br>Debtors.<br><br>WENETA M.A. KOSMALA, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>JANET R. MULLIN, Trustee of the JANET R. MULLIN LIVING TRUST DATED MAY 6, 2011,<br><br>Defendant. | Case No. 8:14-bk-16339-ES<br><br>Chapter 7<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550;**<br>**(2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550;**<br>**(3) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547(b) AND 550;**<br>**(4) PRESERVATION OF TRANSFER PURSUANT TO 11 U.S.C. § 551; AND**<br>**(5) ATTORNEYS' FEES AND COSTS** |

**TO THE DEFENDANT AND HER COUNSEL:**

Weneta M.A. Kosmala, the duly appointed, qualified and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Anthony J. Beckler and Teri R. Beckler (the "Debtors") hereby files this complaint for:  (1) Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(a) and 550; (2) Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550;

(3) Preservation of Transfer Pursuant to 11 U.S.C. § 551; and (4) Attorneys' Fees and Costs (the "Complaint") against Janet R. Mullin, Trustee of the Janet R. Mullin Living Trust Dated May 6, 2011, and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§ 105, 323, 547, 548, 550 and 551. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (K) and (O).

2. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding.

3. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4. This adversary proceeding arises out of and relates to the case entitled *In re Anthony J. Beckler and Teri R. Beckler,* a chapter 7 case bearing case number 08:14-bk-16339-ES currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Erithe A. Smith presiding.

## STATEMENT OF STANDING

5. Debtors filed their chapter 7 bankruptcy petition on October 27, 2014 (the "Petition Date").

6. Trustee was subsequently appointed as the duly qualified and acting chapter 7 trustee of Debtors' bankruptcy estate (the "Estate").

7. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 105, 323, 547, 548, 550 and 551.

1037672.3    2    COMPLAINT

## PARTIES TO THE ACTION

8. The Trustee is the duly appointed chapter 7 trustee for Debtors' bankruptcy Estate. This action is brought by the Trustee in her representative capacity only.

9. The Trustee is informed, believes, and alleges that Janet R. Mullin ("Mullin") is an individual residing in the County of Los Angeles, State of California.

10. The Trustee is informed, believes, and alleges that the Janet R. Mullin Living Trust dated May 6, 2011 (the "Mullin Trust") is a living trust of which Mullin is the Trustee.

11. The Trustee is informed, believes, and alleges that Mullin is the mother of Debtor Teri Beckler.

## GENERAL ALLEGATIONS

12. The Trustee incorporates each and every allegation contained in paragraphs 1 through 11 as though fully set forth herein.

13. The Trustee is informed, believes, and alleges that in Schedule A of Debtors' bankruptcy schedules filed on October 27, 2014 (the "Schedules"), Debtors listed the real property located at 5071 Sausalito Circle, La Palma, California 90623 (the "Property") as their primary residence and listed the current value of their interest in the Property in the amount of $318,000.

14. The Trustee is informed, believes, and alleges that in Schedule D, Debtors listed the following secured claims against the Property totaling $496,000: (a) first and second mortgages from Bank of America Home Loans ("BofA") in the respective amounts of $286,000 and $60,000; and (b) a secondary mortgage from Defendant in the amount of $150,000.

15. The Trustee is informed, believes, and alleges that Debtors did not claim an exemption in the Property in their originally filed Schedule C.

16. The Trustee is informed, believes, and alleges that Debtors amended their Schedules on April 21, 2015 (the "Amended Schedules").

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

17. The Trustee is informed, believes, and alleges that in Amended Schedule A, Debtors amended the value of their interest in the Property to $450,000 and amended the total amount of secured claims to $437,000.

18. The Trustee is informed, believes, and alleges that in Amended Schedule D, Debtors listed first and second mortgages from BofA in the respective amounts of $286,000 and $66,000.

19. The Trustee is informed, believes, and alleges that Debtors amended the amount of the secondary mortgage from Defendant from $150,000 to $85,000, without any explanation for the reduction.

20. The Trustee is informed, believes, and alleges that in their Amended Schedule C, Debtors claimed an exemption in the Property of $13,000 pursuant to 11 U.S.C. § 522(d)(1).

21. The Trustee is informed, believes, and alleges that the Property is encumbered by a deed of trust in favor of the Mullin Trust in the amount of $150,000.00 recorded on June 6, 2014, as document no. 2014000229863 (the "Lien"), and that the Lien was made for no or inadequate consideration (the "Transfer").

22. The Trustee is informed, believes, and alleges that Mullin is an insider of Debtors.

23. The Trustee is informed, believes, and alleges that Debtors have provided evidence of payments made to them by Mullin in the total amount of $14,036, dating from 2013.

24. The Trustee is informed, believes, and alleges that Debtors also claim that Mullin made additional payments for Debtors totaling $13,000, dating from 2006, including four mortgage payments and payment for their honeymoon vacation, which Debtors claim were also loans.

25. The Trustee is informed, believes, and alleges that Debtors have produced no evidence that they made any attempts to repay the Lien.

...

26. The Trustee is informed, believes, and alleges that Debtors obtained a broker's price opinion from Sharon Nix on January 24, 2015, which indicated that the value of the Property was $500,000 (the "BPO").

27. The Trustee is informed, believes, and alleges that Debtors indicated in their Amended Schedules on April 21, 2015, not long after obtaining the BPO, the Property was worth $450,000.

28. The Trustee is informed, believes, and alleges that the Property is worth between $585,000 and $615,000.

## **FIRST CLAIM FOR RELIEF**

**(To Avoid Transfer and Recover Intentionally Fraudulently Transferred Property Under 11 U.S.C. §§ 548(a)(1)(A) and 550)**

29. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. The Trustee is informed, believes, and alleges that the Transfer occurred during the one-year period immediately preceding the Petition Date.

31. The Trustee is informed, believes, and alleges that the Transfer was made with the actual intent to hinder, delay or defraud Debtors' creditors.

32. The Trustee is informed, believes, and alleges that creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

33. The Trustee is informed, believes, and alleges that Debtors made the Transfer to or for the benefit of Defendant.

34. The Trustee is informed, believes, and alleges that Debtors received no consideration or inadequate consideration from Defendant for the Transfer.

35. The Trustee is informed, believes, and alleges that at the time of the Transfer, there was no obligation due and owing to Defendant.

36. The Trustee is informed, believes, and alleges that Debtors were insolvent at the time of the Transfer and/or were rendered insolvent by virtue of the Transfer.

37. The Trustee is informed, believes, and alleges that Defendant is an insider of Debtors.

38. The Trustee is informed, believes, and alleges that Defendant did not take the Transfer in good faith.

39. By reason of the foregoing, the Transfer is avoidable, Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A), and Plaintiff is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SECOND CLAIM FOR RELIEF

**(To Avoid Transfer and Recover Constructively Fraudulently Transferred Property Under 11 U.S.C. §§ 548(a)(1)(B) and 550)**

40. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. The Trustee is informed, believes, and alleges that at the time of the Transfer, Debtors were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction.

42. The Trustee is informed, believes, and alleges that at the time of the Transfer, Debtors intended to incur, or believed or reasonably should have believed that it would incur, debts beyond their ability to pay as they became due.

43. The Trustee is informed, believes, and alleges that the Transfer was made to and for the benefit of Defendant.

44. The Trustee is informed, believes, and alleges that Debtors did not receive reasonably equivalent value for making the Transfer.

45. The Trustee is informed, believes, and alleges that Debtors did not make the Transfer in good faith.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

46. The Trustee is informed, believes, and alleges that Defendant did not take the Transfer for reasonably equivalent value.

47. The Trustee is informed, believes, and alleges that Defendant did not take the Transfer in good faith.

48. By reason of the foregoing, the Transfer is avoidable, Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and Plaintiff is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

**(To Avoid and Recover Preferential Transfer Pursuant to 11 U.S.C. §§ 547 and 550)**

49. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. The Trustee is informed, believes, and alleges that the Transfer was a transfer of an interest of the Debtor in property.

51. The Trustee is informed, believes, and alleges that the Transfer occurred between 90 days and one year prior to the Petition Date.

52. The Trustee is informed, believes, and alleges that Defendant is the mother of the Debtor.

53. The Trustee is informed, believes, and alleges that the Transfer was made to or for the benefit of Defendant.

54. The Trustee is informed, believes, and alleges that at the time the Transfer was made to Defendant on account of an alleged antecedent debt allegedly owed by Debtors before the Transfer was made.

55. The Trustee is informed, believes, and alleges that the Transfer was made while Debtors were insolvent.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

56. The Trustee is informed, believes, and alleges that by reason of the Transfer, Defendant obtained more than it would have received in the chapter 7 case if the Transfer had not been made.

57. By reason of the foregoing, the Transfer is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

58. The Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 547(b) and to recover the Transfer or the equivalent value of the Transfer from Defendant for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## **FOURTH CLAIM FOR RELIEF**

**(To Preserve Transfer for the Benefit of the Estate
Pursuant to 11 U.S.C. § 551)**

59. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60. Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate as the Transfer is avoidable under 11 U.S.C. §§ 547, 548 and 550 as set forth above.

## **FIFTH CLAIM FOR RELIEF**

**(For Award of Attorneys' Fees and Costs Pursuant to Rule 7008(b))**

61. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 60, inclusive, as though fully set forth herein.

62. Based on the foregoing allegations, Plaintiff is entitled to reasonable attorneys' fees and costs resulting from bringing the instant action.

**WHEREFORE**, Trustee prays that this Court enter a judgment against Defendant as follows:

### On the First Claim for Relief

1. Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

2. Awarding the Trustee a money judgment against Defendant in the amount of the Transfer.

### On the Second Claim for Relief

3. Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

4. Awarding the Estate a money judgment against Defendant in the amount of the Transfer.

### On the Third Claim for Relief

5. Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a preferential transfer and for recovery of the value of the Transfer for the benefit of the Estate.

6. Awarding the Trustee a money judgment against Defendant in the amount of the Transfer.

### On the Fourth Claim for Relief

7. For preservation of the Transfer for the benefit of the Estate.

### On the Fifth Claim for Relief

8. For Plaintiff's costs and attorneys' fees incurred in this action.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**On all Claims for Relief**

9. For Plaintiff's costs and attorneys' fees incurred in this action;

10. For pre-judgment and post-judgment interest at the maximum legal rate; and

11. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 14, 2015        WEILAND GOLDEN LLP

By: /s/ REEM J. BELLO
REEM J. BELLO
Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

FORM B104 (08/07)                                                                                                       2007 USBC, Central District of California

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
Weneta M.A. Kosmala, Chapter 7 Trustee

**DEFENDANTS**
Janet R. Mullin, Trustee of the Janet R. Mullin Living Trust Dated May 6, 2011

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Weiland Golden LLP
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626
Phone: 714-966-1000

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. Sections 548(a)(1)(A) and 550; (2) Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. Sections 548(a)(1)(B) and 550; (3) Avoidance and Recovery of Preferential Transfer Pursuant to 11 U.S.C. Sections 547(b) and 550; (4) Preservation of Transfer Pursuant to 11 U.S.C. Section 551; and (5) Attorneys' Fees and Costs

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[2] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint
Demand $

Other Relief Sought

FORM B104 (08/07), page 2     2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> ANTHONY J. BECKLER AND TERI R. BECKERL | **BANKRUPTCY CASE NO.** <br> 8:14-16339 ES |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT | **DIVISIONAL OFFICE** <br> SANTA ANA     **NAME OF JUDGE** <br> ERITHE SMITH |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*/s/ Reem Bello*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 10/14/15 | REEM J. BELLO |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.